IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROHN M. WEATHERLY, § | | |
| TDCJ #1239683, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-1287 | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Rohn M. Weatherly (TDCJ #1239683), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Weatherly has filed a petition for a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction. The respondent has answered with a motion for summary judgment, arguing that Weatherly is not entitled to relief. (Doc. # 10). Weatherly has not filed a response and his time to do so has expired. After reviewing all of the pleadings, the administrative records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.    BACKGROUND**

Weatherly is presently in custody as the result a felony conviction from the 372nd District Court of Tarrant County, Texas, for violating a protective order in 2004. Weatherly received an eight-year prison sentence as a result of that conviction. Prior to that time,

Weatherly was convicted in the 297th District Court of Tarrant County, Texas, of burglary of a habitation in 2000. Weatherly received a two-year prison sentence in that case.

Weatherly does not challenge any of his underlying convictions here. Instead, he challenges the result of a prison disciplinary proceeding that was lodged against him at the Beto Unit, where he was formerly assigned.[1] The respondent has provided the disciplinary hearing report, an audiotape of the proceeding, and the administrative grievance records associated with this case. These records show that, on September 2, 2007, Weatherly was placed in "transient" status pending an Offender Protection Investigation ("OPI") of his claims of life endangerment. When the OPI did not produce evidence of a valid threat to Weatherly's safety, classification officials approved his return to general population. On October 31, 2007, Weatherly was charged in case #20080070872 with refusing to obey an order given by Officer K. Froehner to move into cell J-126. Weatherly was notified of the charges on November 12, 2007.

A disciplinary hearing commenced on November 13, 2007. Weatherly conceded that he refused the order and explained that he did so because he believed that his life would be in danger if he were placed in the general population. In support of his claim, Weatherly pointed out that he was in an altercation with another inmate the day of the disciplinary hearing and that he sustained a black-eye as a result of this attack. After considering the

---

[1] Neither the petitioner's holding conviction, nor the place of the challenged disciplinary proceeding, are located within this district. The record shows, however, that Weatherly is now incarcerated at the Ferguson Unit in Midway, Texas. Because Weatherly is incarcerated within the Southern District of Texas, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

written report and live testimony from the charging officer (Officer Froehner), the disciplinary captain found Weatherly guilty as charged on November 14, 2007. Weatherly lost his commissary privileges for forty-five days and he was restricted to his cell for the same time-period. Weatherly was reduced in classification status from S4 to L1. Weatherly also forfeited sixty days of previously earned credit for good conduct (*i.e.*, "good-time credit").

Weatherly challenged the result of his disciplinary proceeding by filing a Step 1 Grievance on December 30, 2007. In that grievance, Weatherly argued that the conviction should be set aside because his decision to refuse the new housing assignment was justified by his fear for his safety. *See* Step 1 Grievance, #2008046870. Weatherly argued further that the punishment was "way too severe" and did not "correlate" to the charged infraction. Initially, the reviewing official found that "the preponderance of credible evidence was sufficient" to uphold the conviction and the penalty imposed. Weatherly filed a Step 2 Grievance to challenge this result. In that grievance, Weatherly repeated his reasons for refusing the order that formed the basis of his conviction and his argument that the punishment was too severe. Without explanation, the reviewing official modified the judgment to reduce the amount of good-time credits forfeited by Weatherly from sixty to forty-five days.[2] *See* Step 2 Grievance #2008046870.

---

[2]   The charge of refusing to obey an order to accept a housing assignment is a Level 2, Code 24.2 violation of the disciplinary rules. *See* TDCJ Disciplinary Rules and Procedures for Offenders, available at: www.tdcj.state.tx.us (last visited August 16, 2008). According to these rules and procedures, an offender found guilty of a Level 2 offense could be sanctioned
(continued...)

Weatherly now seeks a federal writ of habeas corpus to challenge his disciplinary conviction in case #20080070872. Weatherly contends that, by returning him to the general population, TDCJ officials negligently failed to protect him from harm because he sustained a black eye during an altercation with another inmate on the day of his disciplinary proceeding, November 13, 2007. Weatherly argues further that his conviction violates due process because the disciplinary captain ignored evidence in support of his defense (*i.e.*, that Weatherly refused to accept his new housing assignment because he feared for his safety) and therefore failed to act as an impartial decision-maker. (Doc. # 1, *Petition*, at 7). The respondent argues that Weatherly is not entitled to relief because he failed to exhaust available administrative remedies by presenting his due process claims during his appeal. The respondent argues further that Weatherly's claims do not merit habeas corpus relief. The parties' contentions are discussed in detail below, beginning with the respondent's argument that Weatherly failed to exhaust available administrative remedies before filing his federal habeas corpus petition.

## II.    DISCUSSION

### A.    Exhaustion of Available State Administrative Remedies

The respondent contends that Weatherly cannot prevail because he did not exhaust available state administrative remedies with respect to the due process claims that he now presents in his federal habeas corpus petition. Under the applicable federal habeas corpus

---

[2](...continued)
    for up to two years of good-time credit.

statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Texas prisoners are not required to present claims concerning disciplinary convictions to the state courts in a state habeas corpus application, because those claims are not cognizable on state habeas review. *See Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986). Instead, Texas prisoners who challenge the result of a disciplinary conviction must seek relief through the two-step TDCJ grievance process.[3] *Id.* In that regard, § 501.008 of the Texas Government Code requires inmates to fully exhaust the TDCJ administrative

---

[3] TDCJ currently provides a two-step procedure for presenting administrative grievances. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). In Step 1, the prisoner submits a grievance at the institutional level. *Id.* If the decision at Step 1 is unfavorable, Step 2 permits the prisoner to appeal "to the division grievance investigation with the . . . Texas Department of Criminal Justice." *Id.*

grievance process before resorting to court. If an inmate fails to do so, his claims may be dismissed for failure to exhaust administrative remedies. *See Ex Parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Weatherly's habeas corpus petition is arguably governed by 28 U.S.C. § 2254. *See, e.g., Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). Courts in this circuit have recognized that exhaustion of the prison grievance process is required in the disciplinary conviction context. *See, e.g., Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies); *Foley v. Cockrell*, 222 F. Supp. 2d 826, 829 (N.D. Tex. 2002) (holding that, "[b]ecause exhaustion of administrative grievance procedures is required, Petitioner is entitled to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process"). Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly

within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems").

The record confirms that Weatherly did not present his due process allegations in the grievances that he filed to appeal his conviction in disciplinary case #2008070872. *See* Step 1 & Step 2 Grievances #200846870. A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Because Weatherly did not complete both Step 1 and Step 2 of the grievance process with respect to all of his claims, it is apparent that he has failed to fully exhaust the prison grievance process by presenting these claims to state authorities before seeking federal habeas review. Weatherly does not dispute that he failed to exhaust his administrative remedies with respect to the due process allegations raised in his habeas petition and he has offered no reason for his failure to present these claims properly during the grievance process. It follows that these claims are subject to dismissal for lack of exhaustion. Alternatively, the respondent argues that Weatherly is not entitled to relief for other reasons discussed further below.

### B. Weatherly Fails to State a Valid Claim for Relief

The respondent argues that the petition must be dismissed because Weatherly has failed to state a valid claim for relief from the disciplinary conviction that he challenges. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619,

7

633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). Thus, Weatherly must establish a constitutional violation in order to prevail.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[4] *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A convicted prisoner does not have a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Constitution does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Absent a showing that his disciplinary conviction has implicated a constitutionally protected interest, a prisoner's due process claim depends on the existence of an interest created by state law.

---

[4] To the extent that Weatherly attempts to claim that prison officials failed to protect him from harm in violation of the Eighth Amendment, this allegation is considered separately below.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under Texas law and a protected liberty interest in the good-time credits that they have earned.[5] *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Because Weatherly is eligible for mandatory

---

[5] Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995). The Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979), but rather creates nothing more than a hope of parole); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993) (same); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991) (same). State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Therefore, any allegation that the disciplinary conviction has thwarted the petitioner's early release on parole does not establish a due process violation. Because Weatherly cannot demonstrate a due process violation in connection with any delayed release on parole, he can only establish a basis for federal habeas corpus relief if the good-time credit sanction implicated a protected liberty interest in his early release on mandatory supervision, which is defined as "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(5).

9

supervision, he had a protected liberty interest in the forty-five days of good-time that he forfeited as the result of his disciplinary conviction in case #2008070872.[6]

To the extent that Weatherly had a liberty interest in good-time credit accrued toward his potential early release on mandatory supervision, the revocation of his good-time credits must comply with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court considered the minimum level of due process required in the prison disciplinary context. In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Id.* at 561. Because prison disciplinary hearings are "not part of a criminal prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (citing *Morrissey v. Brewer*,

---

[6] As a result of his disciplinary conviction in case #2008070872, Weatherly lost commissary privileges and was restricted to his cell for forty-five days. He was also reduced in classification status from S4 to L1. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because a protected liberty interest is not implicated by the above-referenced sanctions, Weatherly cannot show that he is entitled to habeas corpus relief from these forms of punishment.

408 U.S. 471, 488 (1972)). The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff*, 418 U.S. at 563-67.

Weatherly does not complain that he received insufficient notice of the charges. (Doc. # 1, *Petition* at 7). Likewise, he does not complain that he was given an inadequate opportunity to call witnesses and present evidence, or that he was denied a written statement of the reason for his conviction. (*See id.*). The Court has reviewed the written records associated with Weatherly's disciplinary proceeding and the disciplinary hearing tape submitted by respondent. These records show that Weatherly received ample notice and an opportunity to present his defense. Weatherly was represented by a counsel substitute at the hearing and he was allowed to make a statement on his own behalf. He also received a copy of the written report and hearing record, documenting the evidence that the hearing officer relied upon in support of the conviction. The records plainly show that Weatherly's disciplinary proceeding satisfied the minimum amount of procedural due process demanded by *Wolff*.

Weatherly appears to maintain that his conviction was not supported by sufficient evidence because his decision to refuse the new housing assignment was justified. Due process requires that the record contain "some evidence" supporting the disciplinary hearing

11

officer's decision. *Morgan v. Dretke*, 433 F.3d 455, 457 (5th Cir. 2005). The "some evidence" standard is extremely deferential. *Id.* More importantly, a federal habeas corpus court may not assess the weight of the evidence. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). A prison disciplinary proceeding may be overturned only where there is no evidence in the record to support the hearing officer's decision. *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

In this case, disciplinary hearing officer based his decision on the charging officer's written report and her live testimony. In addition, Weatherly admitted refusing the order to accept a new housing assignment. This is more than sufficient evidence to support the disciplinary hearing officer's decision. *See Hill*, 472 U.S. at 457; *Broussard*, 253 F.3d at 876-77. Although Weatherly believes that he had a good reason for disobeying the order to accept his new housing assignment, the disciplinary hearing officer disagreed. Under the governing standard of review, this Court may not weigh the evidence anew and must defer to the hearing officer where some evidence exists. *See Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) ("Federal Courts will not review the sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'") (citation omitted). Because the record contains some evidence to support the disciplinary hearing officer's decision, Weatherly's disagreement with the result does not demonstrate a due process violation.

In summary, Weatherly does not dispute that his due process claims are unexhausted for purposes of federal habeas corpus review. Weatherly has further failed to show that he

was punished in violation of the Due Process Clause as the result of his disciplinary proceeding. For all of the reasons set forth above, Weatherly has failed to demonstrate that he is entitled to a federal writ of habeas corpus. Accordingly, the petition must be dismissed.

### C.     Failure to Protect

In addition to his due process claims, Weatherly includes allegations that prison officials negligently failed to protect him from harm by forcing him to accept housing in the general population. The respondent correctly notes that these allegations are only actionable under 42 U.S.C. § 1983. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Accordingly, Weatherly's claim is not cognizable on federal habeas corpus review.[7]

### III.     **CERTIFICATE OF APPEALABILITY**

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253. Therefore, a

---

[7] The Court declines to reclassify the petition as a civil rights complaint under 42 U.S.C. § 1983 because Weatherly's allegations do not state a meritorious claim. To establish a failure-to-protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Here, Weatherly claims that prison officials "negligently" failed to protect him from harm. Allegations of negligence do not establish deliberate indifference and are not sufficient to state a failure-to-protect claim. *See Farmer*, 511 U.S. at 837; *see also Neals*, 59 F.3d at 533 (concluding that allegations amounting to a claim of negligence in the failure-to-protect context did not raise a non-frivolous constitutional claim); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that jurists of reason would not debate whether the petitioner has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 10) is **GRANTED**.

2. The federal habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on September 19th, 2008.

_____
Nancy F. Atlas
United States District Judge